IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | No. 05 CR 848-9 |
| | ) | |
| Eddie Banks | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Before the court are the materials submitted by the Government and defendant Eddie Banks to assist this court in determining the statutory maximum sentence on Count One as it applies to defendant Banks. For reasons stated below, the court finds that the statutory maximum sentence to which defendant Banks can be sentenced on Count One is ten years' imprisonment, as stated in 21 U.S.C. § 841(b)(1)(D).[1] Section 841(b)(1)(D) establishes the maximum sentence for defendant Banks because, in the absence of a valid jury determination as to the type and quantity of illegal drugs of which defendant Banks stands convicted, the Seventh Circuit dictates that the court apply the statutory maximum of the illegal drug listed in the indictment with the least severe maximum sentence — less than 50 kilograms of marijuana in this case.

BACKGROUND

On October 18, 2006, defendant Banks was found guilty by a jury of four drug-related counts charged in the underlying indictment: conspiracy to distribute or possess with intent to distribute a controlled substance (Count One), possession of a controlled substance with intent to distribute (Count Ten), and using a telephone to facilitate a violation of narcotics laws (Counts

---

[1] Section 841(b)(1)(D) states, in relevant part: "In the case of less than 50 kilograms of marihuana . . . [i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years . . . ." It is undisputed that defendant Banks has been convicted of two prior felony drug offenses. (See Dkt. No. 502 at 3.)

1

Thirty and Thirty-One). For Counts One and Ten, the jury made a finding that the "amount of controlled substance shown [by the evidence] beyond a reasonable doubt [was] at least 500 grams, but fewer than 5 kilograms of mixtures containing cocaine." (Dkt. Nos. 421, 425.) However, this specific finding as to drug quantity and type for Counts One and Ten was later vacated by the court because during Banks's trial the Government had failed to disclose certain information that was material to the impeachment of the Government's expert witness. (Dkt. No. 539.) In light of the Government's failure to disclose this impeaching information, the court granted defendant Banks's motion for a new trial on Count Ten and on the jury's specific findings regarding the quantity and nature of the controlled substance involved in Counts One and Ten. (*Id.*) That determination by this court was affirmed on appeal. *United States v. Banks*, 546 F.3d 507 (7th Cir. 2008). The Government chose not to proceed with the new trial this court granted. Instead, both the Government and defendant Banks have agreed to proceed to sentencing on Counts One, Thirty and Thirty-One of which defendant Banks stands convicted.

On February 11, 2010, this court requested briefing by the parties regarding the applicable statutory maximum to be applied at the sentencing of defendant Banks for the crime charged in Count One. The Government and defendant Banks have since each filed a memorandum and a response. (Dkt. Nos. 617-620.)

ANALYSIS

Defendant Banks's conviction on Count One under 21 U.S.C. § 846 is based on his having been found guilty of an underlying substantive crime described in 21 U.S.C. § 841. The Seventh Circuit in *United States v. Williams*, 493 F.3d 763, 767 (7th Cir. 2007), addressed the question of the appropriate statutory maximum sentence under § 841 in the absence of special findings as to drug type and amount. The defendant in *Williams* was convicted of conspiracy to distribute a

controlled substance under 21 U.S.C. § 846. *Id*. at 764. Although the conspiracy with which Williams was charged included both cocaine and marijuana, *id.*, the evidence at Williams's trial focused solely on cocaine, *id.* at 767-68 (discussing evidence that Williams sold crack cocaine and co-conspirators sold crack and powder cocaine). In issuing its verdict, the jury in *Williams* did not make any specific findings as to the nature or quantity of the controlled substance underlying the conspiracy conviction. In *Apprendi v. New Jersey*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Seventh Circuit in *Williams* acknowledged that drug type and quantity findings are "issues that would raise the statutory maximum" for *Apprendi* purposes. *Williams*, 493 F.3d at 767. Under these circumstances, the Seventh Circuit in *Williams* determined that, "Under 21 U.S.C. § 841 . . . the statutory maximum penalty that can be imposed in the absence of special findings on drug type and amount is 10 years (given Williams's criminal history). See 21 U.S.C. § 841(b)(1)(D) (less than 50 kilograms of marijuana; repeat offender)." *Id.*

The Seventh Circuit in *Williams* applied the statutory maximum sentence corresponding to the drug charged in the indictment with the least severe sentence (marijuana), despite the nature of the evidence produced at trial. In the indictment in which defendant Banks was charged, Count One includes allegations of a conspiracy to possess and distribute marijuana, therefore this court finds that the applicable statutory maximum is set forth in 21 U.S.C. § 841(b)(1)(D) — describing the applicable sentence for conspiracies involving less than 50 kilograms of marijuana.

Defendant Banks argues that the court lacks statutory authority to issue any sentence under Count One without a specific finding as to drug type. Conversely, the Government contends that the maximum statutory sentence is twenty years, as governed by 21 U.S.C. § 841(b)(1)(C), because

3

the evidence at trial focused solely on cocaine. However, neither party effectively distinguishes the present case from *Williams*. Because *Williams* is materially indistinguishable from the case now before the court, this court, following the approach set forth by the Seventh Circuit in *Williams*, finds that the maximum statutory sentence is governed by the illegal drug listed in the charging indictment with the least severe maximum sentence — in both cases, marijuana. Additionally, because of his prior felony drug convictions, defendant Banks, like the defendant in *Williams*, is subject to an increase in the statutory maximum sentence from five years' to ten years' imprisonment under § 841(b)(1)(D).

## CONCLUSION

For the reasons set forth above, the court finds that the statutory maximum sentence for defendant Banks on Count One is ten years in prison as governed by 21 U.S.C. § 841(b)(1)(D). Status hearing is set for June 17, 2010 at 9:30 a.m. for purposes of setting a date for the submission of an Amended Presentence Investigation Report and scheduling a sentencing date for defendant Eddie Banks on the counts of which he stands convicted, Counts One, Thirty and Thirty-One.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 26, 2010